IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN JAY PINCUS HUETER, AKA TAO, ET AL., <br><br>          Plaintiffs, <br><br>     vs. <br><br> DEBRA ANNE HAALAND, ET AL., <br><br>          Defendants. | CIV. NO. 21-00344 JMS-KJM <br><br> ORDER GRANTING AMERICAN SAMOA GOVERNMENT DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, ECF NO. 55 |

## ORDER GRANTING AMERICAN SAMOA GOVERNMENT DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, ECF NO. 55

## I.  INTRODUCTION AND BACKGROUND

On October 13, 2021, pro se Plaintiffs Steven Jay Pincus Hueter,

Faamuli Pete Faamuli, and Michael "Candyman" Kirk (collectively,

"Plaintiffs") filed an Amended Complaint against (1) a number of federal

government officials ("Federal Defendants"); (2) the American Samoa

Department of Marine and Wildlife Resources, that Department's director,

Taotasi Archie Soliai, and several unnamed Doe Department employees ("ASG

Defendants"); and (3) unnamed private fishermen and their affiliates ("Doe

Defendants").  ECF No. 46.  Plaintiffs alleged a number of federal law claims

against the Federal Defendants, federal and territorial law claims against the

Doe Defendants, and territorial law claims against the ASG Defendants, all

arising from alleged illegal fishing within the Alega Marine and Wildlife Sanctuary and Reserve ("Alega"), a privately owned marine sanctuary.

In response, the Federal Defendants filed a Motion to Dismiss for lack of subject-matter jurisdiction and failure to state a claim, ECF No. 53.  The ASG Defendants likewise filed a Motion to Dismiss, arguing that (1) Plaintiffs lack standing; (2) the court lacks personal jurisdiction over them; and (3) Plaintiffs have failed to state a claim, ECF No. 55.

On February 16, 2022, the court issued an order granting the Federal Defendants' Motion to Dismiss and terminating the Federal Defendants from this case.  ECF No. 67.  The court also addressed—and rejected—the ASG Defendants' standing argument.  *Id.* at PageID ## 851-53.  But, because the only remaining federal claim—and therefore the only basis for the court's subject-matter jurisdiction—was an Endangered Species Act ("ESA") claim against the Doe Defendants, the court held "consideration of the ASG Defendants' additional arguments in abeyance, pending determination of whether Plaintiffs' ESA claim against the Doe Defendants may proceed."  *Id.* at PageID # 851.  The court then ordered the Plaintiffs to timely file (1) a motion to substitute named defendants for the Doe Defendants; (2) a request for early discovery to identify the Doe Defendants; or (3) a notice that Plaintiffs are no longer pursuing action against the Doe Defendants.  *Id.* at PageID # 856.

On March 7, 2022, Plaintiffs selected the first option and filed a Motion to "Substitute Named Defendants For Doe Defendants," in which they

named three private individuals—"Sereti Lemoa of Faleniu," "Alapati Taofimu'u of Tafuna," and "Letalitonu Alofaituli of Vatia"—as those engaged in purported illegal fishing in Alega ("Fisher Defendants"). ECF No. 71 at PageID # 869. On March 16, 2022, the court granted Plaintiffs' Motion, meaning that the ESA claim against the Fisher Defendants may proceed. ECF No. 74 at PageID # 891.

Thus, satisfied that it has subject-matter jurisdiction over the case, the court now turns to the remaining arguments raised by the ASG Defendants in their Motion to Dismiss. For the reasons set forth to follow, the court concludes that it lacks personal jurisdiction over the ASG Defendants. Accordingly, the ASG Defendants' Motion to Dismiss is GRANTED and they are terminated as Defendants from this case.

## II. <u>STANDARDS OF REVIEW</u>

### A.    Motion to Dismiss for Lack of Personal Jurisdiction

A federal court's personal jurisdiction may be challenged by motion pursuant to Federal Rule of Civil Procedure 12(b)(2). To withstand a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing jurisdictional facts. *See In re Boon Glob. Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th

Cir. 2011) (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010)).  "[U]ncontroverted allegations in [the] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor."  *Brayton Purcell*, 606 F.3d at 1127 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002)).

**B.    Pro Se Plaintiffs**

Because Plaintiffs are proceeding pro se, the court liberally construes their Amended Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure [a] defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).  A court may, however, deny leave to amend where further amendment would be futile.  *See, e.g.*, *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons, "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment").

## III.  <u>ANALYSIS</u>

The ASG Defendants argue that the court lacks personal jurisdiction over them under both Federal Rule of Civil Procedure 4(k)(1) and Federal Rule of Civil Procedure 4(k)(2) because neither they nor this lawsuit have any connection to Hawaii.  ECF No. 55 at PageID # 722.  The court agrees that this reasoning prohibits exercise of personal jurisdiction under Rule 4(k)(1).  In addition, jurisdiction under Rule 4(k)(2) is precluded because Plaintiffs do not allege a claim "arising under federal law" against the ASG Defendants.

### A.    **Federal Rule of Civil Procedure 4(k)(1)**

"[P]ersonal jurisdiction over a[n out-of-state] defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  In the usual case, the long-arm prong of the inquiry is governed by Federal Rule of Civil Procedure 4(k)(1)(A), which provides that a federal district court may exercise personal jurisdiction if the defendant is "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"; that is, if the defendant is subject to personal jurisdiction under the forum state's long-arm statute.  Hawaii's long-arm statute, Haw. Rev. Stat. § 634-35, is coextensive with federal due process.  *See, e.g.*, *Venice PI, LLC v. Galbatross Tech., LLP*, 2019 WL 7373024, at *4 (D. Haw. Dec. 31, 2019).  The personal jurisdiction analysis, therefore, collapses into a single due process inquiry.  *Id*

5

Due process requires that a non-resident defendant has "'certain minimum contacts' with the forum [state] 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Due process allows a court to exercise general personal jurisdiction over any claim against a defendant when that defendant's contacts with the forum state are so "continuous and systematic" that they are "essentially at home" there. *Daimler AG v. Bauman*, 571 U.S. 117, 133 n.11 (2014). In the absence of such contacts, a court may exercise specific personal jurisdiction when a case "arises out of or relates to the defendant's contacts with the forum." *Id.* Whether specific jurisdiction is proper "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation and internal quotation marks omitted) (alteration removed).

Here, neither the ASG Defendants nor any aspect of the claims against them have any connection to Hawaii. The ASG Defendants live and work in American Samoa. Plaintiffs have not alleged that they have directed any activity toward Hawaii. And Plaintiffs' claims arise solely out of conduct that allegedly took place in American Samoa. As such, the court lacks personal jurisdiction over the ASG Defendants under Rule 4(k)(1).

**B.      Federal Rule of Civil Procedure 4(k)(2)**

Federal Rule of Civil Procedure Rule 4(k)(2) empowers federal district courts to exercise personal jurisdiction in particular circumstances where "(1) the action arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) the court's exercise of jurisdiction comports with due process."  *Ayla v. Alya Skin*, 11 F.4th 972, 978 (9th Cir. 2021).

In a previous order, this court explained that district courts may be able to exercise personal jurisdiction under the second prong of Rule 4(k)(2) with respect to federal claims arising solely in American Samoa and over which the High Court of American Samoa lacks subject-matter jurisdiction.[1] *See Hueter v. Kruse*, __ F. Supp. 3d __, 2021 WL 5989105, at *15 (D. Haw. 2021). But here, the court need not reach this question because personal jurisdiction is foreclosed by the first prong of the Rule 4(k)(2) analysis: the claims against the ASG Defendants do not arise under federal law.  Plaintiffs allege that the Fisher Defendants are violating American Samoa statutory provisions, and Plaintiffs

---

[1] This is because, singularly, American Samoa does not have a federal district court and is not part of any federal judicial district, and the High Court of American Samoa lacks subject-matter jurisdiction over most matters of exclusive federal law.  Thus, "in the unique circumstance of American Samoa, the court looks to both personal and subject-matter jurisdiction and asks two questions under the second prong of *Ayla*, 11 F.4th at 978: (1) is the High Court Trial Division a 'state's court of general jurisdiction' as contemplated by Rule 4(k)(2)(A); *and* (2) does the High Court Trial Division have jurisdiction—both personal and subject matter—to hear the claim asserted against the defendant."  *Hueter*, 2021 WL 5989105, at *15.  If the answer to any of these questions is "no," then the second prong of the Rule 4(k)(2) test is satisfied.

seek to compel the ASG Defendants to enforce those provisions.  *See* ECF No.
46 at PageID # 426.  Because these claims arise solely under territorial law, the
possibility of personal jurisdiction under Rule 4(k)(2) is foreclosed.

      To be clear, the fact that claims against *other* defendants in this
action arise under federal law is irrelevant.  True enough, courts—including the
Ninth Circuit—recognize the doctrine of pendent-claim personal jurisdiction,
which authorizes a district court "which has obtained personal jurisdiction over
a defendant by reason of a federal claim to adjudicate state claims properly
within the court's subject matter jurisdiction."  *ESAB Grp., Inc. v. Centricut
Inc.*, 126 F.3d 617, 628 (4th Cir. 1997); *Action Embroidery Corp. v. Atl.
Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) ("[A] court may assert
pendent personal jurisdiction over a defendant with respect to a claim for which
there is no independent basis of personal jurisdiction so long as it arises out of a
common nucleus of operative facts with a claim in the same suit over which the
court does have personal jurisdiction.").  But the doctrine of pendent-claim
personal jurisdiction concerns one plaintiff asserting multiple claims *against the
same defendant.  See, e.g.*, *Action Embroidery*, 368 F.3d at 1181 ("When a
defendant must appear in a forum to defend against one claim, it is often
reasonable to compel that defendant to answer other claims in the same suit
arising out of a common nucleus of operative facts."); *Mojtabai v. Mojtabai*, 4
F.4th 77, 89 (1st Cir. 2021) ("[T]he doctrine of pendent personal jurisdiction is
limited to the exercise of personal jurisdiction 'over . . . remaining claims

against the *same defendant*.'" (quoting and summarizing *Al Seraji v. Wolf*, 2020 WL 7629797, at *6 (D.D.C. Dec. 22, 2020))). That is not the case here.

Some courts have also recognized the doctrine of pendent-*party* personal jurisdiction, as explained in *Carter v. Ford Motor Co.*, 2021 WL 1165248 (S.D. Fla. Mar. 26, 2021):

> Plaintiff A asserts Claim 1 (over which the Court can exercise personal jurisdiction) against Defendant Z. Then, Plaintiff B advances Claim 2 (over which, though it arises from the same common nucleus of operative facts as Claim 1, the court has *no* personal jurisdiction) against Defendant Z—thus trying to piggyback onto Plaintiff A's jurisdictional hook. So far as this Court is aware, *no* federal circuit court of appeals has adopted this pendent-*party* variety of personal jurisdiction. . . . Admittedly, a few district courts . . . *have* adopted this doctrine of pendent-party personal jurisdiction."

*Id.* at *9. But of the "few district courts" that have endorsed pendent-party personal jurisdiction, those courts have done so under the multiple-plaintiff situation, as described in *Carter*. *See, e.g.*, *Chavez v. Stellar Mgmt. Grp. VII, LLC*, 2020 WL 4505482, at *10 (N.D. Cal. Aug. 5, 2020) ("Because the Court may properly exercise specific personal jurisdiction over the claims of the California Plaintiffs against Defendants, the Court may exercise pendent jurisdiction over the claims by the out-of-state opt-in Plaintiffs. . . . Defendants will already be litigating the California Plaintiffs' claims in this Court."); *Allen v. ConAgra Foods, Inc.*, 2018 WL 6460451, at *8 (N.D. Cal. Dec. 10, 2018) ("I conclude that it is appropriate to assert pendent jurisdiction over the claims by the nonresident named plaintiffs. . . . [Defendant] ConAgra is already before

9

this court to defend against Allen's claims, and the additional burden is *de minimis*."); *In re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1173 (S.D. Cal. 2018) ("The Court also finds that even though the Indirect Plaintiffs themselves do not bring a federal question cause of action, pendent personal jurisdiction is appropriate because the other Plaintiffs allege federal causes of action. . . .  [T]he federal antitrust claims against the Lion Defendants will proceed before this Court.  Therefore, the additional burden in litigating the pendent state law claims [is] minimal.").

This case does not, however, feature multiple plaintiffs asserting claims against one defendant—it features plaintiffs asserting different claims against multiple groups of defendants, and one of those groups of defendants is *not* already subject to the court's personal jurisdiction with respect to another pending claim.  The court is not aware of any decisions upholding pendant-party personal jurisdiction in a multiple-defendant situation.  If anything, the few district courts addressing such a situation have squarely rejected personal jurisdiction.  *See, e.g.*, *J4 Promotions, Inc. v. Splash Dogs*, 2009 WL 385611, at *18, *21 (N.D. Ohio Feb. 13, 2009) (dismissing state-law claims against "Defendant Nguyen" and sustaining those claims against three other defendants, where the other defendants were being sued on copyright claims arising under federal law and over which the court had personal jurisdiction, but where Nguyen was not being sued on a similar "'anchor' claim that could be used as the basis of pendent personal jurisdiction"  (footnote omitted)); *Gill v. Three*

*Dimension Sys., Inc.*, 87 F. Supp. 2d 1278, 1283-84 (M.D. Fla. 2000) ("Unlike the three defendants discussed above, plaintiff did not sue defendants McGrogan and Katherine D. Freyvogel for federal securities violations.  The claims against those two defendants are founded in state law . . . .  [T]he Court must decide whether [the pertinent nationwide-service-of-process statute] affords pendent personal jurisdiction over McGrogan and K. Freyvogel due to their status as pendent parties in this lawsuit. . . .  This Court [holds no,] and finds that the plaintiff in this case must plead sufficient facts to establish a basis for personal jurisdiction over McGrogan and K. Freyvogel independent of the Act's nationwide service of process provisions." (citing *Morley v. Cohen*, 610 F. Supp. 798 (D. Md. 1985))); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1351 (3d ed. 1973) ("There is no such thing as supplemental specific personal jurisdiction; if separate claims are pled, specific personal jurisdiction must independently exist for each claim and the existence of personal jurisdiction for one claim will not provide the basis for another claim.").

If there were any doubt, exerting pendant-party personal jurisdiction over the ASG Defendants would "violate[] the principles of due process and cannot be countenanced by this [c]ourt." *Morley*, 610 F. Supp. at 823.  "Acceptance of [P]laintiffs' position would impermissibly enable a plaintiff to haul a pendent party defendant into a foreign jurisdiction with which he has no contacts, simply by asserting a frivolous federal claim which permits

11

nationwide service of process.  The inevitable dismissal of the federal claim would matter little to the plaintiff inasmuch as he would already have obtained personal jurisdiction over the pendent party defendant on the state claims." *Id.* In short, "[t]he Due Process Clause prohibits a court from imposing its will on persons whose actions do not place them in a position where they reasonably can foresee that they might be called to account in that jurisdiction." *Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 287 (1st Cir. 1999) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).  The ASG Defendants could not reasonably foresee a suit in the federal District of Hawaii—their alleged misconduct occurred exclusively in American Samoa, and they have allegedly violated only American Samoa territorial laws.

Moreover, even if pendent-claim or pendent-party personal jurisdiction were appropriate, applying those doctrines is within the court's discretion.  *See Action Embroidery Corp.*, 368 F.3d at 1181 ("The district court may have discretion to dismiss the pendent claims where considerations of judicial economy, convenience and fairness to litigants so dictate." (citation and internal quotation marks omitted)); *Carter*, 2021 WL 1165248, at *15. And, here, the court would decline to exercise pendent-party personal jurisdiction.  Not only would adjudicating in American Samoa be more convenient for all litigants, the High Court of American Samoa is also much better equipped to answer questions of American Samoa territorial law than this court.  Indeed, American Samoa case law is not largely accessible outside of

American Samoa, leaving this court with limited resources with which to understand and apply American Samoa law.[2]  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless [federal court] decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law [in state courts].").

## IV.  **CONCLUSION**

For the foregoing reasons, the court lacks personal jurisdiction over the ASG Defendants under both Rule 4(k)(1) and Rule 4(k)(2).  Accordingly, the ASG Defendants' Motion to Dismiss, ECF No. 55, is GRANTED and the ASG Defendants are terminated from this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 20, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Hueter et al. v. Haaland et al.*, Civ. No. 21-00344 JMS-KJM, Order Granting American Samoa Government Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 55

---

[2] For example, American Samoa is the only U.S. jurisdiction whose case law is not recorded in Westlaw or Lexis.  Indeed, the only accessible source of American Samoa law appears to be the Pacific Islands Legal Information Institute, and its records are incomplete.